**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff-Respondent,<br><br>        v.<br><br>BRUCE TURNER,<br>    Defendant-Petitioner. | )<br>)<br>)<br>) Criminal Action No. 03-10166-PBS<br>)<br>) Civil Action No. 08-11670-PBS<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**
July 7, 2014

Saris, U.S.D.J.

## I. INTRODUCTION

Petitioner Bruce Turner filed a motion under Fed. R. Civ. P. 60(b)(6) for relief from the judgment denying his petition under 28 U.S.C. § 2255 for a writ of habeas corpus. Specifically, Turner asks this Court to set aside its denial of his Second Motion to Amend his § 2255 petition as untimely, even though the First Circuit affirmed this Court's denial on the same ground. Petitioner's Motion for Relief from Judgment under Rule 60(b), (Docket No. 180), is **DENIED**.

## II. BACKGROUND

Convicted of unlawfully possessing two firearms in violation of 18 U.S.C. § 922(g)(1), Turner is serving a sentence of 211 months' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The complete factual and procedural background

1

is set forth in United States v. Turner ("Turner I"), 699 F.3d 578, 580-83 (1st Cir. 2012).

On September 29, 2008, Turner filed a timely habeas petition under 28 U.S.C. § 2255; and on January 13, 2010, he moved to amend. Turner I, 699 F.3d at 582. On May 13, 2010, he moved to amend his habeas petition a second time "to add an additional basis for his ineffective assistance of counsel claim, to wit, the failure of counsel to object to the use of Mr. Turner's convictions for assault and battery [("A&B")] out of the Malden District Court and [A&B] with a dangerous weapon out of Salem District Court as predicate convictions under the [ACCA] because neither constitutes a 'violent felony'; and to assert a violation of the ACCA and Mr. Turner's due process rights for the Court to count the A&B [c]onviction and the A&B [with a dangerous weapon] [c]onviction as ACCA predicates." Pet'r's Second Mot. to Amend, (Docket No. 150), at 1 (internal citations omitted); see also Turner I, 699 F.3d at 582-83. In a margin order, this Court denied his Second Motion to Amend as untimely and, a year later, issued an opinion denying his entire habeas petition. Turner I, 699 F.3d at 583; United States v. Turner ("Turner II"), 793 F. Supp. 2d 495 (D. Mass. 2011).

On appeal, Turner argued that his Second Motion to Amend contained - in addition to the ineffective assistance of counsel claim - an independent substantive claim that his 1999 conviction of simple assault and battery ("A&B") in Malden District Court was

not a violent felony under Johnson v. United States, 559 U.S. 133, 140 (2010) (conviction cannot be used as an ACCA predicate unless shown that the basis of the conviction contained "violent force" as an element). If the A&B was not a "violent felony" and Johnson applies retroactively, the ACCA would no longer apply since the A&B was the third of Turner's surviving ACCA predicate offenses. See 18 U.S.C. § 924(e). His current sentence would then far exceed the statutory maximum of ten years. Id. § 924(a)(2).

If Turner had adequately pled a Johnson claim in his Second Motion to Amend, the motion would be subject to a different statute of limitations than that applicable to a motion with only an amended ineffective assistance of counsel claim. With a substantive Johnson claim, the motion "must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" Turner I, 699 F.3d at 585-86 (quoting 28 U.S.C. § 2255(f)(3)). Turner filed his Second Motion to Amend on May 13, 2010, only two months after Johnson was decided on March 2, 2010. However, the First Circuit "agree[d] that the second motion to amend did not raise this independent Johnson theory and the claim is forfeited." Id. at 586. With only the ineffective assistance of counsel claim, his Second Motion to Amend was untimely because it was not filed within one year of the

3

conviction. 28 U.S.C. § 2255(f)(1); see also Turner I, 699 F.3d at 582.

Turner then filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) in this Court (Docket No. 180).

### **III. DISCUSSION**

"Motions brought under Rule 60(b) are committed to the district court's sound discretion." Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 100 (1st Cir. 2003). Specifically, Rule 60(b)(6) permits a court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such relief, however, is "extraordinary in nature" and requires "a movant [to] demonstrate that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party." Gonzalez Rucci v. I.N.S., 405 F.3d 45, 48 (1st Cir. 2005) (internal quotation marks omitted). Furthermore, "extraordinary circumstances justifying the reopening of a final judgment" under Rule 60(b)(6) "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

During the appeal of this Court's denial of his habeas petition, Turner argued that Johnson should be applied retroactively to his Malden A&B conviction. Turner I, 699 F.3d at 583. In United States v. Duval, I held that Johnson announced a new substantive rule that could be applied retroactively if the "assault was not

4

'capable of causing physical pain or injury to another person.'" 957 F. Supp. 2d 100, 119 (D. Mass. 2013) (quoting Johnson, 559 U.S. at 140). However, while Turner's substantive claim may have merit, the First Circuit did not reach this issue after finding that his Second Motion to Amend did not contain a Johnson claim and was therefore untimely. Turner I, 699 F.3d at 587. Turner raises no new arguments now. Instead, he asks this Court, as he did the First Circuit, to hold that he did in fact raise a substantive Johnson claim in his Second Motion to Amend. A petitioner is not entitled to relief under Rule 60(b) where the Court of Appeals has affirmed an order on direct appeal and the petitioner raises no new material arguments in his motion. Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39, 41 n.2 (1st Cir. 1979) (citing Standard Oil Co. v. United States, 429 U.S. 17 (1976)); see also, e.g., Atlantech Inc. v. Am. Panel Corp., 679 F. Supp. 2d 150, 153 (D. Mass. 2010). This Court is bound by the First Circuit's ruling.

## IV. ORDER

Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6), (Docket No. 180), is **DENIED**.

                                                /s/ Patti B. Saris
                                                Patti B. Saris
                                                Chief United States District Judge